IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| ISSAIAS ROMERO,<br>       Plaintiff,<br><br>vs.<br><br>KYLE HOWE, individually and in his official capacity as a law enforcement officer for the Toledo Police Department; CITY OF TOLEDO, IOWA.<br>       Defendants. | Case No.<br><br>COMPLAINT AND JURY DEMAND |

**COMES NOW,** the Plaintiff, Issaias Romero, by and through his undersigned counsel, and for his causes of action, states as follows:

### PARTIES

1. Issaias Romero (hereinafter "Issaias" or "Plaintiff") is a United States citizen and was a resident of Tama, Tama County, Iowa at all times relevant to the events complained of herein.

2. Defendant Officer Kyle Howe (hereinafter "Officer Howe") is believed to be a citizen and resident of Iowa and was employed as a Police Officer for the Toledo Police Department at all times relevant to the events complained of herein.

3. Defendant City of Toledo, Iowa (hereinafter "Toledo") is a municipal corporation organized and authorized to operate under the laws of Iowa and is located at 1007 South Prospect Drive, Toledo, Iowa 52342. Defendant Toledo is responsible for

1

maintaining and operating the Toledo Police Department.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3).

5. The supplemental jurisdiction of this Court to hear and decide the pendent claims arising out of state law is invoked pursuant to 28 U.S.C. § 1367.

6. All events and actions referenced in Complaint occurred in the Northern District of Iowa, therefore venue is proper under 28 U.S.C § 1391(b)(2).

## FACTUAL BACKGROUND

7. On February 11, 2023, at approximately 11:16 p.m., Toledo Police Officer, Kyle Howe, stopped Issaias Romero for speeding.

8. He was traveling with his girlfriend, Jasmin Solis.

9. Officer Howe was wearing a functioning body camera at the beginning of the interaction with Issaias.

10. It was discovered, later, that there was a functioning dash camera, as well.

11. In his initial report, Officer Howe stated that he observed a vehicle traveling eastbound towards him at a high rate of speed and his car radar indicated the vehicle was traveling 77 miles per hour in a 65 miles per hour speed zone. Officer Howe stated in his report that at that point he initiated a traffic stop and notified Tama County Dispatch. After Issaias Romero and Jasmine Solis identified themselves in the vehicle, Tama County Dispatch notified Officer Howe of the driver, Issaias Romero's, barred driver's license status.

12. Officer Howe asked Issaias to step out of the vehicle and told him he was

under arrest and placed him into handcuffs.

13. Officer Howe then asked Issaias, "Do you know you have a barred driver's license?" Issaias calmy replied, "Yes, sir." Officer Howe asks, "Do you have anything on you that's going to poke or stick me. I just don't want you to catch a felony." Issaias replied calmly, "No, that's fine man." Kyle Howe writes in his report, however, "I asked Issaias if he had anything else on him that as illegal and he informed in an aggressive tone that he did not." It is clear from the body cam footage that Issaias did not show aggressive behavior in his response here. (Howe body camera video 2:40).

14. The body camera footage continued, and Officer Howe stated, "Well you obviously had that in your pocket and I don't want you to catch a felony up there." Issaias responded, "I don't have anything else in my pocket. That wasn't even in my pocket." Officer Howe asks, "Where was it at?" Issaias responded by shrugging and stated, "I don't know." Officer Howe then said, "Well, it –" while simultaneously and forcefully grabbing Issaias' right arm and pulling it back so as to turn Issaias around to face him. Issaias was calm in demeanor and said, "Hey, don't be grabbing me like that, man, come on." (Howe body camera video, 2:50).

15. During the assault, Officer Howe's body camera fell off, but continued to run. (Howe body camera video 3:00).

16. Without hesitation, Officer Howe slammed Issaias onto the hood of his patrol car. Officer Howe's body cam fell off his chest but was still recording. One can hear the complete chaos that ensued for minutes afterwards. Officer Howe was screaming, "Stop resisting" and "Stop fucking resisting" over and over again. (Howe

3

body cam video, 3:00; Howe dash cam video, 3:45).

17. It is important to reiterate that Issaias was placed into handcuffs by Officer Howe from the moment that Issaias was asked to step out of the vehicle throughout the duration of Officer Howe's attack. (Howe body cam video, 1:10).

18. On the dash cam video at this point in the arrest, Officer Howe goes from slamming Issaias onto the hood of his patrol car to pulling him forcefully backwards and slamming Issaias onto the gravel shoulder of the road all the while still screaming at him to stop resisting. (Howe dash cam video, 3:50)

19. Issaias' girlfriend, Jasmine Solis, can be heard screaming and crying in fear of what she was watching. Officer Howe continued to berate Issaias stating over and over again, "Stop resisting," "Stop fucking resisting." Issaias is yelling, "I am not resisting," "I didn't do anything." (Howe body cam video, 3:40).

20. At one point Issaias is heard yelling at Officer Howe, "Are you trying to kill me?" "If you are going to shoot me, shoot me." (Howe dash cam, 5:25).

21. Officer Howe yanked Issaias by the hood of his sweatshirt in an attempt to get him to stand up multiple times. Officer Howe smacked Issaias with his right hand on the dash cam video and yelled, "That's resisting." (Howe dash cam video, 5:15).

22. Tama Police Officer Brandon Wall reported on scene in the midst of Officer Howe holding Issaias to the ground and screaming at him. (Howe dash cam video, 5:40)

23. Officer Howe told Officer Wall to "Arrest her too," referring to Jasmine Solis who was still in the vehicle. Officer Wall had Jasmine step out of the vehicle and

4

placed her in handcuffs. Jasmine was crying and yelled, "I didn't do anything!" (Howe dash cam video, 5:43).

24. Officer Wall was walking Jasmine back to the patrol car while Officer Howe was still yelling at Issaias to stop resisting. Issaias was pleading with the other office to, "Please help me!" Officer Wall looked at him and said, "Stop resisting him." (Howe dash cam, 6:15)

25. Officer Howe put Issaias into a headlock-looking maneuver and tackled him to the ground once more. (Howe dash cam, 6:10).

26. Officer Howe and Officer Wall switched places so that Officer Howe could walk Jasmine back to the patrol car while Officer Wall pinned Issaias down. (Howe dash cam, 6:30).

27. Officer Howe aggressively escorted Jasmine back to the patrol car and grabbed her arm so forcefully that she exclaimed, "Ow! Why are you putting your hands on me like that?" (Howe dash cam, 6:35).

28. According to Officer Howe's report he stated, "I re placed him onto the ground and told Officer Wall to switch me spots while I placed Jasmine in the back of my patrol. Jasmine was still yelling at this time, continuing to engage in fighting behavior." It is clear from the dash cam footage that Jasmine was not displaying aggressive or "fighting behavior" as stated in Officer Howe's affidavit and report. (Exhibit 1, Minutes of Testimony).

29. Officer Howe picked up his body cam that had been laying on the ground for a duration of 3 minutes and 34 seconds during his attack of Issaias. (Howe body cam

video, 6:34).

30. Officer Wall got Issaias up from the ground and began walking him back to the patrol car. While they were walking together Officer Howe in an angry fit of rage can be seen grabbing Issaias' arm and shoving him while he yelled, "Stop resisting!" (Howe body cam video, 7:25).

31. Once Officer Wall and Officer Howe placed Issaias in one patrol car, they walked to the other patrol car containing Jasmine Solis. Officer Howe opens the door to Jasmine sobbing, crying, and begins berating her about how she made the situation worse. (Howe body cam video, 8:10).

32. Jasmine continued to sob, and her body language clearly illustrated that she was afraid. Officer Howe said, "There is no need for this shit," and "We're not playing this game." (Howe body cam video, 8:33).

33. Officer Howe ended up telling Jasmine that she was free to drive home, but both Officer Wall and Officer Howe began looking into her vehicle and said that they could see a pink grinder in the vehicle. Officer Howe declared that Jasmine was under arrest for possession of drug paraphernalia.

34. In completing the paperwork of the arrest of Issaias, Officer Howe charged Issaias with Possession of Drug Paraphernalia, Operating While Under the Influence, 1st Offense, Possession of Controlled Substance, Marijuana 1st, Keeping Premises or Vehicle for Controlled Substances, Interference With Official Acts Bodily Injury, Driving While Barred, Assault on Persons in Certain Occupations – Bodily Injury, and four traffic citations.

35. Officer Howe fabricated facts to justify his use of force against Issaias Romero.

36. Nowhere on the body cam or dash cam videos does it show that Issaias was kicking officers or resisting arrest. On the contrary, Officer Howe is pummeling this young man and tackling him over and over again.

37. Officer Howe's use of force was excessive, as Issaias was not aggressive or resisting arrest.

38. Issaias Romero sustained injuries and bruising.

39. Because of Howe's violent conduct, Issaias suffered tenderness and soreness with a limited range of motion.

40. Because of his arrest and subsequent prosecution, Issaias endured mental and emotional distress, from which he continues to suffer. He also suffers from, and will continue to suffer from, past and future physical injuries, loss of use and function of the mind and body.

41. Issaias has been forced to incur expenses in defending himself against the criminal charges to clear his name.

## CAUSES OF ACTION

### COUNT I
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983 VIOLATION OF FOURTH AND/OR FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
*Right to be Free from Excessive Force*
*(Against Kyle Howe, individually)*

42. Plaintiff repleads paragraphs one (1) through forty-one(41) as if fully set

forth herein.

43. Defendant Kyle Howe is a person for the purposes of a Section 1983 action for damages.

44. At all times material hereto, Officer Howe's actions and/or omissions were made under the color of authority and law as an officer for the Toledo Police Department.

45. On or about February 11, 2023, Officer Howe violated Plaintiff's clearly established constitutional rights, to wit: by using excessive force in the arrest of Plaintiff.

46. Officer Howe violated Issaias' Fourth and/or Fourteenth Amendment Right under the United States Constitution to be free from excessive force.

47. The use of force Officer Howe employed while confronting Issaias was excessive, unreasonable, and unnecessary under the circumstances.

48. Officer Howe demonstrated a deliberate indifference to and/or reckless disregard of Issaias' civil and constitutional rights by his use of force against him.

49. Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Issaias' civil rights, justifying an award of punitive damages.

50. As a direct and proximate result of Officer Howe's illegal and unjustified conduct, Issaias was injured and is entitled to recover for what he has suffered in the past and will suffer in the future suffer, including:

    a. Deprivation of his constitutional rights;

    b. Humiliation, degradation, past and future emotional distress, and past and present loss of function of mind and body;

    c. Actual and Compensatory Damages including, but not limited to past, present and future pain and suffering and medical expenses;

d.  Punitive damages;

e.  All expenses associated with the prosecution of the instant action, including, but not limited to, court costs, anticipated discovery expenses, anticipated expert expenses, and the maximum legally allowable judgment interest; and

f.  Any other expenses allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988.

**WHEREFORE,** the Plaintiff, Issaias Romero, prays for Judgment against the Defendant, Officer Howe, as follows:

a.  Compensation for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b.  Plaintiff's cost in this action, including reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988;

c.  Punitive damages; and,

d.  Such relief as the Court deems just and equitable.

## COUNT II
## BATTERY
### *(Against Kyle Howe, individually and in his official capacity)*

51. Plaintiff repleads paragraphs one (1) through fifty (50) as if fully set forth herein.

52. Officer Howe grabbed Issaias and body slammed him onto the ground causing significant pain and bruising on his body.

53. The acts were done with the intent to cause physical pain or injury.

54. The acts of Officer Howe resulted in physical pain and injury, as well as insulting or offensive bodily contact.

9

55. The acts of Officer Howe were a cause of Issaias' damages.

56. Officer Howe acted with malice toward Issaias.

57. Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Issaias' rights and reputation, justifying an award of punitive damages.

58. Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendants behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Issaias Romero, respectfully requests judgment against Defendant, Officer Howe, in an amount which will fully and fairly compensate Issaias for his physical, mental, and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### COUNT III
### ASSAULT
*(Against Kyle Howe, individually and in his official capacity)*

59. Plaintiff repleads paragraphs one (1) through fifty-eight (58) as if fully set forth herein.

60. Officer Howe grabbed Issaias and body slammed him onto the ground causing significant pain and bruising on his body.

61. The acts were done with the intent to cause Issaias to fear physical pain or injury.

62. Issaias reasonably believes that the act causing physical pain or injury

10

would be carried out immediately.

63. The acts of Officer Howe were a cause of Issaias' damages.

64. Officer Howe acted with malice toward Issaias.

65. Officer Howe's actions were willful, wanton, unlawful, and in gross disregard of Issaias' rights and reputation, justifying an award of punitive damages.

66. Plaintiff hereby requests reasonable attorney fees and costs associated with prosecuting this action as Defendant's behavior was oppressive, conniving, harsh, cruel, and/or tyrannical.

**WHEREFORE**, the Plaintiff, Issaias Romero, respectfully requests judgment against Defendant, Officer Howe, in an amount which will fully and fairly compensate Issaias for his physical, mental, and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

## COUNT IV
## RESPONDEAT SUPERIOR
### *(Against Defendant City of Toledo)*

67. Plaintiff repleads paragraphs one (1) through sixty-six (66) as if fully set forth herein.

68. At all times material hereto, an employer-employee relationship existed between City of Toledo, Iowa, as the employer, and Officer Howe as the employee.

69. At all times material hereto Officer Howe was acting within the scope of his employment with City of Toledo.

70. Under the doctrine of respondeat superior, City of Toledo is liable for the

aforementioned conduct and/or omissions of Officer Howe.

71. As a result of the conduct and/or omissions of Defendant, Plaintiff sustained damages and injuries as previously set forth in this Petition.

**WHEREFORE**, the Plaintiff, Issaias Romero, respectfully requests judgment against Defendant, City of Toledo, in an amount which will fully and fairly compensate for his mental and emotional injuries and damages, compensatory and punitive damages, for attorney fees, for interest and costs as allowed by law, and such other relief as may be just under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter on all counts to which Plaintiff is entitled to a jury.

BY: */s/ Chad R. Frese*
Chad R. Frese AT0002704
KAPLAN & FRESE, LLP
111 East Church Street
Marshalltown, Iowa 50158
Phone: (641) 753-5549
Fax: (641) 753-0962
Email: chad@kaplanfrese.com
ATTORNEYS FOR PLAINTIFF

By: */s/ Joel Waters*
Joel Waters AT0014090
KAPLAN & FRESE, LLP
111 East Church Street
Marshalltown, Iowa 50158
Phone: (641) 753-5549
Fax: (641) 753-0962
Email: joel@kaplanfrese.com
ATTORNEYS FOR PLAINTIFF